[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ and complaint, claiming a dissolution of the marriage of the parties and other relief, as on file, came to this court on November 3, 1994, with a return date of November CT Page 9088 15, 1994, and thence to later dates when the defendant appeared and filed a cross complaint. The parties appeared for a limited contested trial which was heard on November 19, 1996. Prior to trial, both parties filed pre-trial memorandums containing proposed orders with the court.
The court, having heard the evidence, finds the following:
The wife, Jadwiga Jandzinski, whose premarriage name was Jadwiga Oldalsowski, was lawfully married to the husband, Stanislaw Jandzinski, on July 8, 1989 in New Britain, Connecticut.
At least one party has resided continuously in this state twelve months next before the date of the filing of the complaint and all statutory stays have expired.
The marriage of the parties has broken down irretrievably.
There are no minor children issue of the marriage and no minor children have been born to the wife since the date of the marriage.
With regard to fault resulting in the breakdown of the marriage, the court finds the parties are equally to blame for the demise of the marriage. The marriage was ill conceived and loveless for much of its short duration. In 1988, the wife and her teenage son arrived in the United States from Poland to attend her first husband's funeral. By 1989, she had married Mr. Jandzinski. There were always conflicts and cross accusations which neither party handled in a mature manner. Both parties claimed to have been physically abused by the other, yet neither called the police nor took any other action. At times, when the husband felt the situation intolerable, he would move out of the house, but would move back in when wife implored she had to stay married to get a green card. It is obvious that one of the wife's prime motivation in marrying the husband was to obtain permanent resident status for herself and her son. The husband expended a significant amount of his personal savings, acquired prior to the marriage, on supporting the wife and her son, including but not limited to, purchasing vehicles and a computer for the son, and financing a portion of the son's college education. He also agreed to legally adopt the son, who was an adult, in order to help him obtain permission to remain in the United States. The wife only worked sporadically during the course of the marriage, CT Page 9089 and contributed little to the household expenses when she was employed. After the wife obtained her green card in 1992, she refused to work. The husband moved out for good in May of 1994, but by then, the marriage already had disintegrated.
The husband is 59 years old and is employed 7 months of the year as a food service worker. He makes deli sandwiches in a cafeteria at the University of Hartford. During the five months he is laid off, he collects unemployment. He has suffered from disc problems in the back which necessitated surgery. His average net weekly income is $291.86. He has little assets and is close to retirement. His earning capacity is not likely to greatly increase in the future.
The wife is 53 years old and is currently unemployed. Although she claims she is unable to work due to a back injury, her compensation payments have been stopped and no medical evidence was presented as to the extent of her injury or her present ability to work. She lives with the son who earned an engineering degree with the plaintiff's assistance, and he has been helping her support herself. In the past, she has worked in a variety of jobs and there is no reason to believe she could not secure employment. Her earning capacity, based on her past employment, is on par with the husband's.
With regard to the division of property and the wife's request for periodic alimony in this case, the court has considered case law, the testimony of the witnesses, the exhibits, the financial affidavits of the parties, and their pretrial memoranda. In addition, the court has taken into consideration all of the criteria set forth in General Statutes Section 46b-81 as to the division of marital assets, Section 46b-82 as to awarding alimony, and Section 46b-62 as to awarding counsel fees.
Accordingly, the court enters the following orders:
1. A decree of the dissolution of the parties' marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. Neither party shall pay alimony to the other.
3. The wife shall be responsible for the liabilities listed on her financial affidavit, and she shall indemnify and hold the husband harmless from any claim or demand on these debts. The CT Page 9090 husband shall be responsible for the liabilities listed on his financial affidavit, and he shall indemnify and hold harmless the wife from any claim or demand on these debts.
4. The 1990 GEO Prism shall remain the exclusive property of the plaintiff, and he shall be responsible for the car insurance, tax, registration, repairs and all other expenses for said vehicle.
5. The People's Savings Bank account in the amount of $700.00 as shown on the husband's financial affidavit shall be his, free of any claim or demand by the wife.
6. The People's Savings Bank account in the amount of $100.00 shown on the wife's financial affidavit shall be hers, free of any claim or demand by the husband.
7. The tangible personal property in the possession of the wife, shall be wholly hers, free of any claim or demand by the husband. The tangible personal property in the possession of the husband shall be wholly his, free of any claim or demand by the wife. Each party shall be free to dispose of the same as if he or she were unmarried. Each party shall hold harmless and indemnify the other from any claims thereon.
8. The wife shall retain all benefits she may be awarded as a result of her pending workers' compensation claim, free of any claim or demand by the husband.
9. Each party shall pay his or her own attorney's fees.
Judgment shall enter in accordance with the foregoing.
KELLER, J.